**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | ) ) ) ) ) | No. 07-5944 SC<br><br>MDL No. 1917 |
| CRAGO, Inc., | ) ) ) | ORDER APPOINTING SPECIAL MASTER |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CHUNGHWA PICTURE TUBES, LTD., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

**I.    SCOPE OF ORDER**

1.    Order Applicable to All Cases in MDL Proceedings.  This
Order shall apply to all cases currently pending in MDL No. 1917
and to all related actions that have been or will be originally
filed in, transferred to, or removed to this Court and assigned
thereto (collectively, "the MDL proceedings").  This Order is
binding on all parties and their counsel in all cases currently
pending or subsequently made part of these proceedings and shall
govern each case in the proceedings unless it explicitly states
that it relates to specific cases.

2.  <u>Appointment of Special Master</u>.  Pursuant to Federal Rule of Civil Procedure 53 and the hearings held on April 4 and May 9, and with the consent of the parties, the Court hereby appoints the Honorable Charles A. Legge, United States District Court Judge (Retired), as a Special Master to assist the Court in this litigation (hereinafter "Judge Legge" or "Special Master").

## II.    <u>BASIS FOR APPOINTMENT UNDER RULE 53(A) AND 53(B)(1)</u>

3.  <u>Basis for Appointment</u>.  The Special Master is hereby appointed pursuant to Rule 53(a)(1) to perform duties consented to by the parties (Rule 53(a)(1)(A)), to make findings of fact on issues to be decided by the Court because appointment is warranted by an exceptional condition (namely, the volume of cases pending in these proceedings) (Rule 53(a)(1)(B)(i)), and to address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district (Rule 53(a)(1)(C)).

4.  <u>No Grounds for Disqualification</u>.  Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master has filed an affidavit with this Court that states that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455.  During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

5.  <u>Fairness Considerations</u>.  Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses

2

of the Special Master on the parties.  The Court believes that the
appointment and use of the Special Master will materially advance
the litigation, thereby achieving considerable cost-saving to all
parties.  Moreover, the Court notes that the parties have
consented to the Special Master's appointment and have agreed to
arrange the Special Master's compensation, as discussed in
paragraph 13 herein.  The Court will protect against unreasonable
expenses and delay through regular communication with the Special
Master and Liaison Counsel.

6. <u>Proper Notice Given to All Parties</u>.  Pursuant to Rule
53(b)(1) and the hearings held on April 4 and May 9, the Court
gave all parties to the MDL proceedings notice of its intent to
appoint the Special Master and an opportunity to be heard with
respect to such appointment before issuing this Order.

**III. <u>SPECIAL MASTER'S DUTIES, AUTHORITY, AND COMPENSATION</u>**

7. <u>Diligence</u>.  Pursuant to Rule 53(b)(2), the Court hereby
directs the Special Master to proceed with all reasonable
diligence in performing his duties in the MDL proceedings.

8. <u>Scope of Special Master's Duties</u>.  Pursuant to Rule
53(b)(2)(A), the Special Master shall assist the Court with
matters such as case management, trial selection and case
resolution procedures, scheduling orders, specially-assigned
discovery motions and disputes, facilitation of inter-
jurisdictional coordination, and other matters in which the Court
wishes to utilize his services.

9. <u>Scope of Special Master's Authority</u>.  The Special Master

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1  shall have the authority provided in Rule 53(c) and 53(d).

2      10. <u>Procedure for Motions Submitted to Special Master</u>.  The

3  procedural requirements contained in this Court's Pretrial Orders

4  shall govern any motion practice before the Special Master.

5      11. <u>Ex Parte Communications</u>.  Pursuant to Rule 53(b)(2)(B),

6  the Special Master may communicate ex parte with the Court at any

7  time.  The Special Master shall not communicate ex parte with any

8  party absent consent of Liaison Counsel without first providing

9  notice and an opportunity to be heard to the opposing Liaison

10 Counsel.

11     12. <u>Preservation of Materials and Preparation of Record</u>.

12 Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain

13 orderly files consisting of all documents submitted to him by the

14 parties and any of his written orders, findings, and/or

15 recommendations.  Pursuant to Rule 53(e), the Special Master shall

16 file any written orders, findings, and/or recommendations with the

17 Court via the Court's Electronic Case Filing ("ECF"), as described

18 in the Court's Pretrial Order No. 1.  Such filing shall fulfill

19 the Special Master's duty to serve his order on the parties.  Any

20 records of the Special Master's activities other than his written

21 orders, findings, and/or recommendations shall be filed in

22 accordance with paragraph 17 herein.

23     13. <u>Compensation</u>.  Pursuant to Rule 53(b)(2)(E) and 53(g),

24 the parties shall mutually determine the hourly rate of the

25 Special Master for his service in this MDL.  The parties shall

26 notify the Court of this rate so that the Court may incorporate it

27 in its orders.  The Special Master shall not charge for travel

28

**United States District Court**
For the Northern District of California

1  time.  Judge Legge shall prepare a monthly invoice for his

2  services, which he shall provide to Plaintiffs' Liaison Counsel

3  and Defendants' Liaison Counsel.  Plaintiffs' Liaison Counsel and

4  Defendants' Liaison Counsel shall each be responsible for paying

5  half of the Special Master's invoice; such invoices shall be paid

6  promptly.

7      14.  <u>Special Master's Reports to Court</u>.  Pursuant to Rule

8  53(f), the Special Master shall report to the Court as directed by

9  the Court.

10

11  **IV. <u>ACTION ON SPECIAL MASTER'S ORDERS, REPORTS, OR RECOMMENDATIONS</u>**

12      15.  <u>Scope of Section</u>.  Pursuant to Rule 53(b)(2)(D) and

13  53(g), the procedures described in paragraphs 16 through 19 herein

14  shall govern any action on the Special Master's orders, reports,

15  and/or recommendations.

16      16.  <u>Time Limits for Review</u>.  Any party wishing to file

17  objections to or a motion to adopt or modify the Special Master's

18  orders, reports, and/or recommendations must file such objections

19  or motion with the Court within fourteen (14) days from the day

20  the Special Master filed the order, report, and/or recommendation

21  via ECF.  Any order issued by the Special Master shall remain in

22  effect pending any such objection or motion.

23      17.  <u>Filing the Record for Review</u>.  The party filing the

24  objection or motion shall submit with such objection or motion any

25  record necessary for the Court to review the Special Master's

26  order, report, and/or recommendation, including any transcripts of

27  proceedings before the Special Master and any documents submitted

28

by the parties in connection with the Special Master's order, report, and/or recommendation.  Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

18.  <u>Standard for Court's Review</u>.  Pursuant to the parties' stipulation, the Court shall review findings of fact made or recommended by the Special Master for clear error.  The Court shall review <u>de novo</u> any conclusions of law made or recommended by the Special Master.  The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

19.  <u>Court's Actions on Master's Orders</u>.  Pursuant to Rule 53(g)(1), in acting on an order, report, or recommendation of the Special Master, the Court shall afford each party an opportunity to be heard and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate.


IT IS SO ORDERED.


Dated: June 16, 2008

_____

UNITED STATES DISTRICT JUDGE

6