United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9

                        UNITED STATES DISTRICT COURT

                       NORTHERN DISTRICT OF CALIFORNIA

10  In Re: Cathode Ray Tube (CRT)      )   MDL No.  1917
    Antitrust Litigation               )
11  _____)   Case No. 07-5944 SC
                                       )
12                                     )   ORDER GRANTING
    CRAGO, Inc.,                       )   INDIRECT PURCHASER
13                                     )   PLAINTIFFS' MOTION TO
              Plaintiff,               )   AUTHORIZE SERVICE ON
14                                     )   CERTAIN FOREIGN
         v.                            )   DEFENDANTS PURSUANT
15                                     )   TO FEDERAL RULE OF
    CHUNGHWA PICTURE TUBES, LTD., et   )   CIVIL PROCEDURE
16  al.,                               )   4(F)(3)
                                       )
17            Defendants.              )
                                       )
18  _____)

19

20  **I.    <u>INTRODUCTION</u>**

21       This matter comes before the Court on the Indirect Purchaser

22  Plaintiffs' Motion to Authorize Service on Certain Foreign

23  Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3)

24  ("Motion").  Docket No. 344.  Defendants Koninklijke Philips

25  Electronics N.V. ("Koninklijke") and Toshiba Corporation

26  ("Toshiba") Opposed the Motion and Plaintiffs filed a Reply.

27  Docket Nos. 354, 357, 363.  The remaining Defendants affected by

28  the Motion have agreed to accept service.  <u>See</u> Docket Nos. 353,

356, 360, 361, 372.  The matter was submitted to the Honorable

Judge Legge, who has been appointed Special Master in this action.

Judge Legge conducted a hearing and issued a Report and

Recommendation regarding the Motion.  Docket No. 373.  After

considering Judge Legge's Report and Recommendation of August 29,

2008, and after reviewing the parties' papers, this Court GRANTS

Plaintiffs' Motion.

    The Court merely notes that under Federal Rule of Civil

Procedure 4(f)(3)[1] and the relevant caselaw, service on foreign

defendants, even those who are signatories to the Hague

Convention, is proper under Rule 4(f)(3) where the foreign

defendants have domestic subsidiaries and/or counsel and where

service does not require transmittal abroad.[2]  See Volkswagenwerk

Aktiengesellschaft v. Schlunk, 486 U.S. 694, 707 (1988) (holding

that the "only transmittal [of service] to which the [Hague]

Convention applies is a transmittal abroad that is required as a

necessary part of service").

    In the present case, it is undisputed that both Koninklijke

and Toshiba have domestic subsidiaries and domestic counsel.  The

Supreme Court has stated that "[w]here service on a domestic agent

is valid and complete under both state law and the Due Process

Clause, our inquiry ends and the [Hague] Convention has no further

_____

    [1]  Rule 4(f)(3) states that "an individual  . . . may be
served at a place not within any judicial district of the United
States: . . . by other means not prohibited by international
agreements, as the court orders."  Fed. R. Civ. P. 4(f)(3).

    [2]  It is undisputed that both Defendants are foreign
corporations located in countries that are signatories to the Hague
Convention.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   implications." <u>Volkswagenwerk</u>, 486 U.S. at 707.  This reasoning

2   applies with equal force to service on a domestic agent under

3   federal law.  <u>See</u>, <u>e.g.</u>, <u>In re LDK Solar Sec. Litig.</u>, C No. 07-

4   5182, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (stating

5   "nothing in the [Hague] Convention bars the requested means of

6   service" under Rule 4(f)(3) upon a domestic subsidiary).

7   Defendants have provided no explanation for why transmittal abroad

8   would be required in the present case, when federal law plainly

9   permits service on Defendants' domestic subsidiaries or domestic

10  counsel.  <u>See</u> <u>Rio Prop., Inc. v. Rio Int'l Interlink</u>, 284 F.3d

11  1007, 1016 (9th Cir. 2002) (holding that "[a]pplying th[e] proper

12  construction of Rule 4(f)(3) . . ., trial courts have authorized a

13  wide variety of alternative methods of service including . . .

14  delivery to defendant's attorney").  Defendants' argument that

15  service under Rule 4(f)(3) is somehow prohibited by the Hague

16  Convention in the present circumstances is, accordingly, without

17  support.

18      The Hague Convention applies only when transmittal abroad is

19  required.  Because Koninklijke and Toshiba have domestic

20  subsidiaries and domestic counsel, transmittal abroad for service

21  is not required.  The Hague Convention therefore does not prohibit

22  service on Defendants under Rule 4(f)(3).[3]  Plaintiffs' Motion is

23

24      [3]  For this reason, Defendants' reliance on a footnote from
    <u>Rio Properties</u> is misplaced.  <u>See</u> <u>Rio Properties</u>, 284 F.3d at 1015
25  n.4 (stating that a "federal court would be prohibited from issuing
    a Rule 4(f)(3) order in contravention of an international
26  agreement, including the Hague Convention").  As the Hague
    Convention, for the reasons stated above, does not apply, this
27  footnote is inapposite.

28
                                    3

1  GRANTED.

2      The hearing on this Motion scheduled for Friday, September 5,

3  2008, is hereby VACATED.

4

5

6      IT IS SO ORDERED.

7

8      Dated: September 3, 2008          

9      _____

10                                 UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California